NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STEVE DOYLE, on behalf of himself and all others similarly situated,

Plaintiff-Appellee,

v.

CHRYSLER GROUP, LLC,

Defendant-Appellant.

No.    15-55107

D.C. No.
8:13-cv-00620-JVS-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 7, 2016
Pasadena, California

Before:  TROTT, OWENS, and FRIEDLAND, Circuit Judges.

Steve Doyle sued Chrysler Group[1] alleging violations of the California

Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, and the California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Chrysler Group LLC is now known as FCA US LLC.

Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq.*, for its failure to disclose a purported defect in its window regulator replacements. In August 2009, Doyle purchased for $100 one such replacement regulator for the front driver's side of his vehicle. The replacement regulator in Doyle's vehicle has never failed, but he alleges that the same model of replacement regulator as well as other allegedly similar models of replacement regulators have failed in many other vehicles.

Doyle successfully sought class certification of "'[a]ll persons and entities in the State [of California] . . . who own(ed) or lease(d) a model year 2002 through 2007 Jeep Liberty Vehicle and who purchased a Replacement Regulator from, or otherwise had a Replacement Regulator installed by, Chrysler or its network of authorized dealers at any time on or after June 10, 2009' but before December 9, 2010 (for MY 2006-2007) or January 11, 2011 (for MY 2002-2005)." *Doyle v. Chrysler Grp. LLC*, No. SACV 13-00620, 2014 WL 7690155, at *4 (C.D. Cal. Oct. 9, 2014) (alterations in original) (quoting Plaintiff's Motion to Certify Class). Chrysler timely filed an interlocutory appeal of the class certification ruling. We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f). We reverse and remand.

## I.

As an initial matter, we note that, contrary to Chrysler's arguments, Doyle has standing to bring this action. Plaintiffs have standing when they spend money "that, absent defendants' actions, they would not have spent." *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011). According to Doyle, had the defect been disclosed, he either would not have purchased the replacement regulator or he would have paid less for it because Chrysler would not have been able to charge as much for the product. Doyle thus suffered economic loss when he purchased a replacement regulator with an undisclosed safety defect.

## II.

To obtain class certification, a party must fulfill the requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy—and one of the requirements of Rule 23(b). The district court certified the class at issue under Rule 23(b)(3), which allows certification if "questions of law or fact common to class members predominate over any questions affecting only individual members," and if "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

We conclude that the district court abused its discretion in certifying the class.

## A.

In *Comcast Corp. v. Behrend*, the Supreme Court explained that to satisfy the Rule 23(b)(3) predominance requirement, damages must be "capable of measurement on a classwide basis." 133 S.Ct. 1426, 1433 (2013). In interpreting *Comcast*, we have stated, "[A] methodology for calculation of damages that [can] not produce a class-wide result [i]s not sufficient to support certification." *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) (citing *Comcast*, 133 S.Ct. at 1434–35), *cert denied*, 135 S.Ct. 2835 (2015). The proposed damages model must measure only the damages that are attributable to the theory of liability. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013). Although Doyle is correct that our court has emphasized that "the need for individualized findings as to the amount of damages does not defeat class certification," *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016) (citing *Leyva*, 716 F.3d at 514; *Jimenez*, 765 F.3d at 1167), it has applied this understanding in cases where there existed a common methodology for calculating damages. *See, e.g.*, *Leyva*, 716 F.3d at 514 ("Medline's computerized payroll and time-keeping database would enable the court to accurately calculate damages and related penalties for each claim."); *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 989 (9th Cir. 2015) ("Pulaski's principal method for calculating restitution employs Google's Smart Pricing ratio, which . . . set[s] advertisers' bids to the levels a

4

rational advertiser would have bid if it had access to all of Google's data . . . .").  In those cases, "damages could feasibly and efficiently be calculated once the common liability questions are adjudicated."  *Leyva*, 716 F.3d at 514.

To the extent Doyle is pursuing a partial reimbursement approach to calculating damages, that approach fails to satisfy *Comcast* because Doyle has not offered a model for determining what percentage of the purchase price the reimbursement should be.  There is thus no way to determine whether the proposed damages model measures damages that are solely attributable to the theory of liability.  Likewise, without details about this partial reimbursement approach, it is unclear whether "damages could feasibly and efficiently be calculated once the common liability questions are adjudicated."  *Id.*

Because Doyle has not demonstrated that partial reimbursement damages can be measured on a classwide basis, the predominance requirement is not satisfied.

B.

Furthermore, the typicality and adequacy requirements are unsatisfied.  Here, the class includes both individuals who "purchased a Replacement Regulator" and individuals who "otherwise had a Replacement Regulator installed."  That some class members, like Doyle, paid for their replacement regulators while others did not means Doyle's claim is not typical of the entire class.

5

Moreover, as evidenced by the type of damages he seeks, Doyle fails to adequately represent the interests of members who did not purchase replacement regulators. Doyle seeks either full or partial reimbursement for the purchase of the replacement regulator. But a reimbursement-based damages model will not account for class members who "otherwise had a Replacement Regulator installed," because such individuals did not pay for their regulators and therefore have no expenses that could be reimbursed. A reimbursement theory of damages will benefit only class members who had out-of-pocket expenses in connection with the installation of the replacement regulator. Class members who "otherwise had a Replacement Regulator installed" would be better off with a lawsuit seeking to force future repairs or payment of the cost of future repairs.

## III.

For the foregoing reasons, we **REVERSE**. This case is **REMANDED** for further proceedings.